# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DONTRELL L. GORDON,**

        **Plaintiff,**

      v.                                          Case No. 19-CV-1583

**DR. BONNIE MITCHEL,** *et al.*,

        **Defendants.**

---

## ORDER

---

Plaintiff Dontrell L. Gordon, an inmate confined at Milwaukee Secure Detention Facility, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. This order resolves Gordon's motion for leave to proceed without prepaying the filing fee and screens his complaint.

The court has jurisdiction to resolve Gordon's motion to proceed without prepaying the filing fee and to screen the complaint in light of his consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

1. *Motion for Leave to Proceed without Prepaying the Filing Fee*

The Prison Litigation Reform Act (PLRA) applies to this case because Gordon was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows

the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On November 6, 2019, the court ordered Gordon to pay an initial partial filing fee of $11.50. (ECF No. 6.) He paid that fee on November 21, 2019. The court will grant Gordon's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

2. *Screening the Complaint*

2.1 Federal Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the

Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

2.2 Gordon's Allegations

Gordon was arrested on September 1, 2019. Around September 15, 2019, Gordon met with defendant Dr. Mitchell and expressed to her that his kidneys were leaking harmful enzymes into his system. He also told her about his stents, the loop recorder in his heart, his lifevest, and his back. He told her that he was supposed to see a specialist on September 3, 2019 (two days after his arrest) about having surgery on his kidneys. Gordon gave Dr. Mitchell all the information she would need to verify his medical history and move forward with treatment. She assured him that she would contact his doctor by the following Thursday.

On September 24, 2019, Gordon wrote Dr. Mitchell asking why he had not been scheduled for a follow-up appointment and why his kidney pain was not being addressed. Dr. Mitchell wrote back, denied knowledge of his medical issues, and said she was waiting for his records. He was told he would be seen on October 1, 2019, but he was not. Gordon wrote both defendant Health Services Unit (HSU) Manager

Bergelin and defendant HSU Manager Trunnell about his lack of care. Again, he received no response. He also spoke to and wrote to numerous unnamed nurses about his conditions and lack of medical care.

Gordon filed an inmate complaint on September 30, 2019. The Inmate Complaint Examiner (ICE), defendant M. Bones, returned his inmate complaint to him on October 11, 2019, for failure to state that he had written the HSU managers. Gordon alleges that Bones returned the complaint after the 10-day deadline. *See* Wis. Admin. Code DOC § 310.10(5) ("The ICE may return a complaint within 10 days if it does not meet [certain criteria] to permit the inmate to resubmit the complaint after correcting issues noted by the ICE."). Gordon also alleges that his correspondence to Dr. Mitchell was altered to change the dates.

2.3 Analysis

To state a claim of deliberate indifference to a serious medical need, a plaintiff must allege that: (1) he suffered from an objectively serious medical condition, and (2) the defendants were deliberately indifferent to a risk of serious harm from that condition. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). While Gordon has not stated his specific medical conditions, they involve his kidneys and his heart, and he alleges he was scheduled to have surgery on his kidneys. From this, the court is satisfied that Gordon has alleged he suffers from an objectively serious medical condition. The court is also satisfied that Gordon's allegations satisfy the second element with respect to Dr. Mitchell—that is, that she acted with deliberate indifference to a risk of serious harm to him. He alleges that he told Dr. Mitchell

4

about his medical history and concerns and that she failed to follow up and treat him. He may proceed against her on a deliberate indifference claim under the Eighth Amendment.

The court will also allow him to proceed against HSU Managers Bergelin and Trunnell as well as the unnamed nurses, whom he sues as John and Jane Doe Nurses. Though he offers less in the way of factual allegations than he did for Dr. Mitchell, Gordon does allege that he alerted both Bergelin and Trunnell of his medical conditions and his complete lack of treatment and never heard back from them. He also alleges that he wrote to and spoke to numerous unnamed nurses about his medical issues and complained about his lack of medical care, also to no avail. At screening, it is enough to allege he alerted the defendants of the lack of care for his medical issues and they failed to act. He may proceed against Bergelin and Trunnell, as well as the Jane and John Doe Nurses, on an Eighth Amendment deliberate indifference claim. During discovery, which will begin after the named defendants answer, Gordon will have an opportunity to learn the names of the unknown nurses and substitute them for the John and Jane Doe placeholders.

Gordon's allegations about his returned inmate complaint do not state a claim against defendant Bones, however. While Bones's failure to timely return Gordon's allegedly deficient inmate complaint may have violated the Department of Correction's (DOC) policy, the alleged delay does not state a constitutional claim. A state's inmate grievance procedures do not, simply by virtue of their existence, create interests protected by the Constitution (specifically, the Due Process Clause). *Owens*

5

*v. Hinsley*, 635 F.3d 950, 953–54 (7th Cir. 2011). Therefore, Gordon has not stated a claim against Bones based on the late-returned inmate complaint. The court will dismiss him from the lawsuit.

Gordon's allegations about the changing of dates on certain correspondence to Dr. Mitchell also do not state a claim. In order to state a claim under § 1983, a plaintiff must allege he suffered harm. *Doe v. Welborn*, 110 F.3d 520, 523 (7th Cir. 1997). While the alleged date tampering may be relevant to Gordon's claims about his lack of medical care, they do not constitute a claim on their own because Gordon does not allege he suffered harm as a result.

Finally, the court will dismiss defendant C.O. II Hall. Gordon makes no specific allegations against Hall. Section 1983 requires that defendants be personally involved in a constitutional deprivation. *Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009). Without allegations against him, the court cannot infer Hall was responsible for any deprivation Gordon may have suffered.

*3. Conclusion*

**IT IS THEREFORE ORDERED** that Gordon's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants M. Bones and C.O. II Hall are **DISMISSED** from this lawsuit.

**IT IS ALSO ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Gordon's complaint and this order are being electronically sent today to the Wisconsin

6

Department of Justice for service on defendants Dr. Mitchell, HSU Manager Bergelin, and HSU Manager Trunnell. The defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS ALSO ORDERED** that the parties shall not engage in discovery until the court enters a scheduling order.

**IT IS ALSO ORDERED** that the agency having custody of Gordon shall collect from his institution trust account the **$338.50** balance of the filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Gordon is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Gordon's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Gordon is confined.

**IT IS FURTHER ORDERED** that, under the Prisoner E-Filing Program, Gordon shall submit all correspondence and case filings to institution staff, who will scan and email documents to the court. If Gordon ceases to be incarcerated at a Prisoner E-Filing institution, he will be required to submit his filings to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse

517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Gordon is advised that failure to make a timely submission will result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 11th day of March, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge