# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DONTRELL L. GORDON,**

      **Plaintiff,**

    v.                                    Case No. 19-CV-1583

**DR. BONNIE MITCHEL,** *et al.***,**

      **Defendants.**

## NOTICE AND ORDER

    Plaintiff Dontrell L. Gordon, who is representing himself, filed a complaint under 42 U.S.C. § 1983. On March 26, 2020, the defendants filed a motion for summary judgment. (ECF No. 13.) Under Civil L. R. 56(b)(2), Gordon's response materials are due within thirty days of service of the motion—that is, **by April 27, 2020**.

    The defendants have moved for summary judgment on the ground that Gordon failed to exhaust his administrative remedies, as the Prisoner Litigation Reform Act (PLRA) requires him to do. 42 U.S.C. §1997e(a). They have also moved to stay the discovery deadlines related to the merits of the case. However, no discovery deadline exists because the defendants filed their motion for summary judgment the same day that they filed an answer to the complaint. Therefore, the court will deny the motion to stay the discovery deadline as moot. However, if Gordon finds that he needs to conduct any discovery on the issue of exhaustion, he should inform the court

immediately. The court will set a discovery deadline related only to the issue of the exhaustion of administrative remedies and adjust the date Gordon's response to the summary judgment motion is due.

When Gordon responds to the defendants' motion for summary judgment, he must respond to each of the defendants' proposed findings of fact by agreeing with each proposed fact or explaining why he disagrees with a particular proposed fact. If he does not indicate one way or the other, the court will assume that he agrees with the proposed fact. Gordon must support every disagreement with a proposed fact by citing to evidence. He can do that by relying on documents that he attaches to his response or by telling the court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. § 1746.[1] An unsworn declaration is a way for a party to tell his side of the story while declaring to the court that everything in the declaration is true and correct.

Gordon must also respond to the legal arguments in the defendants' brief. As a reminder, the PLRA requires that prisoners exhaust their claims using the institution's grievance system before they file a lawsuit under § 1983. This requirement is completely separate from the merits of a prisoner's claims. A prisoner plaintiff can have a meritorious claim but still not be able to litigate that claim because he failed to exhaust it through the institution's grievance system. Gordon

---

[1] At the bottom of his declaration he should state: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]."  28 U.S.C. § 1746(2).

does not need to argue about the merits of his claims. He needs only to address the argument that he failed to exhaust his claims before filing this lawsuit.

The court also reminds Gordon that, under Civil L. R. 7(d), a party's failure to respond to a motion is sufficient cause for the court to grant the motion. If Gordon believes he needs additional time to prepare his response, he must file a motion asking the court to extend the deadline *before* his response is due. If he files such a motion, he must explain why he needs additional time and how much additional time he needs.

**IT IS THEREFORE ORDERED** that the defendants' motion to stay the discovery deadline related to the merits of the case (ECF No. 13) is **DENIED AS MOOT**. If Gordon needs to conduct discovery related to exhaustion, he must notify the court immediately.

**IT IS ALSO ORDERED** that Gordon must respond to the defendants' summary judgment motion **by April 27, 2020**, or request additional time to do so. If Gordon does not respond to the defendants' summary judgment motion or request additional time to do so by April 27, 2020, the court will grant the defendants' motion and dismiss this case.

Dated in Milwaukee, Wisconsin, this 30th day of March, 2020.

WILLIAM E. DUFFIN
U.S. Magistrate Judge