# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DONTRELL L. GORDON,**

    **Plaintiff,**

v.            Case No. 19-CV-1583

**DR. BONNIE MITCHELL,** *et al.***,**

    **Defendants.**

## ORDER

  Plaintiff Dontrell L. Gordon is a Wisconsin state prisoner representing himself. On March 26, 2020, the state defendants[1] filed a motion for summary judgment, arguing that Gordon failed to exhaust his administrative remedies. (ECF No. 13.) The court informed Gordon that his response would be due April 27, 2020, and outlined what he needed to do to properly respond to the motion. (ECF No. 17.) Gordon filed a motion asking for more time to respond, citing the effects the COVID-19 pandemic was having on his institution. (ECF No. 19.) The court granted that motion and gave Gordon until 45 days after the governor's Safer at Home order expired to file his response. (ECF No. 23.)

---

[1] The Wisconsin Department of Justice did not accept service on behalf of defendant Dr. Bonnie Mitchell. (ECF No. 11.) Therefore, the motion for summary judgment was filed only on behalf of defendants Sylvia Bergelin and Mary Jo Trunell, to whom the court will refer as the "state defendants."

On May 13, 2020, the Wisconsin Supreme Court struck down the governor's Safer at Home order. That meant that Gordon had until June 29, 2020 to file his response.[2] When Gordon did not respond to the motion, the state defendants entered a notice of non-opposition and asked the court to grant the motion as unopposed. (ECF No. 29.) Gordon then filed a motion asking for more time to respond, to amend his complaint, for the production of medical records, and for the appointment of counsel. (ECF No. 30.)

1. *Extension of Time*

In his motion Gordon explains that he recently returned to his institution from the hospital after recovering from a heart attack he had at the beginning of July. (ECF No. 30 at 1–2.) He reiterates his health concerns in a recent filing responding to the state defendants' request to grant their summary judgment motion as unopposed. (ECF No. 33 at 4.) He also explains that he has to be in quarantine for two weeks after returning to the prison and has limited access to the law library because of the restrictions resulting from the pandemic. (ECF No. 33 at 3–6.)

Given Gordon's health issues, the restrictions inmates are facing as a result of COVID-19, and that it may not have been clear to Gordon that the Safer at Home order had been struck down (or what that meant), the court will give Gordon more time to respond to the state defendants' motion for summary judgment. Gordon has until **August 25, 2020,** to file his response materials. The court is enclosing another

---

[2] Forty-five days after May 13, 2020 was June 27, 2020, a Saturday. The next business day was Monday, June 29, 2020.

copy of its March 30, 2020 notice order, which outlines what Gordon will need to do to respond properly to the motion. (ECF No. 17.) The court advises Gordon again that the failure to respond to the state defendants' motion will result in the court granting it as unopposed.

2. *Amending the Complaint*

Gordon also asks to amend his complaint to add defendants and allegations about his recent heart attack. The court will deny that part of his motion. First, Civil Local Rule 15(a) requires that any motion to amend be accompanied by the proposed amended complaint. Gordon has not done that. Second, and more importantly, Gordon asks to add claims and parties unrelated to this lawsuit. Gordon is proceeding against officials at Milwaukee Secure Detention Facility for allegedly failing to provide him constitutionally adequate medical care in 2019. (ECF No. 9.) He now wants to add three defendants (Dr. McLean, Nurse Ella, and Nurse Rose) from Dodge Correctional Institution for failing to provide him medical care in July 2020 when he was having a heart attack. (ECF No. 30 at 2–3.)

Gordon cannot bring unrelated claims against different defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may sue multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); *George*, 507 F.3d at 607; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants

3

in one case "is limited to claims arising from the same transaction or series of related transactions").

While Gordon seeks to add claims similar in nature to those he currently pursues, the claims he seeks to add do not arise out of the same events or incidents. Gordon cannot add new claims and defendants simply because the allegations are similar in nature. Therefore, even if Gordon had complied with the local rules and provided a proposed amended complaint, the court would not allow him to amend his complaint. This portion of his motion is denied.

   3. *Medical Records*

Gordon also asks the court to order that his discharge papers from the hospital be "produced for exhibits towards Dr. McLean, Nurse Ella, Nurse Rose and DCI Staff who left [him] suffering." (ECF No. 30 at 4.) Because the court is not allowing Gordon to amend his complaint, he does not need the records for this lawsuit. This portion of his motion is also denied. The court encourages Gordon to use the inmate grievance system at the prison if he is still experiencing difficulty obtaining records he thinks he should have.

   4. *Appointment of Counsel*

Though he does not include it in the title of his motion, Gordon briefly asks the court "for help in obtaining an attorney to help with this case." (ECF No. 30 at 5.) In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013).

4

"[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish,* 923 F.3d 486, 490 (7th Cir. 2019), (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019). To do so, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell*, 923 F.3d at 490. The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. The court "must consider the plaintiff's literacy, communication skills, education

5

level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett* 930 F.3d at 871.

Because Gordon has not shown that he has tried to find counsel on his own, the court will deny his motion for that reason. However, the court notes that, even if Gordon had shown he has made attempts to find an attorney, it would not grant the motion. Gordon cites his health concerns and restrictions which COVID-19 has placed on his ability to access resources, like the law library. However, these concerns can be, and are being, addressed by giving Gordon more time to respond to the state defendants' motion. Their motion does not address the substance of Gordon's claims. Instead, Gordon most only respond to their argument that he failed to exhaust his administrative remedies before he filed this lawsuit. That is information within his personal knowledge, and he should not need to do much, if any, legal research.

If things change as the case progresses, Gordon may renew his motion. He should be sure to try to find an attorney on his own first and be specific about the challenges he is facing in his motion.

5. *Conclusion*

**IT IS THEREFORE ORDERED** that Gordon's motion for an extension of time, to amend his complaint, for the production of documents, and for the appointment of counsel is **GRANTED in part and DENIED in part**. The court

6

grants Gordon's request for an extension of time and denies his request to amend his complaint, his request for documents, and his request for the appointment of counsel.

Gordon has until **August 25, 2020,** to respond to the state defendants' motion for summary judgment. The court is including a copy of its March 30, 2020 order, which outlines the procedures Gordon should follow when responding to the motion. (ECF No. 17.) If Gordon fails to respond or ask for more time to do so, the court will grant the motion as unopposed.

Dated at Milwaukee, Wisconsin this 27th day of July, 2020.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge