# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| DONTRELL L. GORDON, SR.,<br><br>            Plaintiff,<br><br>v.<br><br>BONNIE MITCHELL, SYLVIA BERGELIN, MARY JO TRUNNELL, and JOHN/JANE DOES,<br><br>            Defendants. | Case No. 19-CV-1583-JPS<br><br>**ORDER** |

       Plaintiff Dontrell L. Gordon, Sr., a prisoner proceeding in this matter *pro se*, filed a complaint alleging that Defendants violated his constitutional rights. (Docket #1). On March 11, 2020, Magistrate Judge William Duffin[1] screened the complaint and allowed Plaintiff to proceed on claims of deliberate indifference in violation of the Eighth Amendment against Defendants for allegedly ignoring his medical complaints in September 2019. (Docket #9).

       On March 26, 2020, Defendants filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies on the claims against them. (Docket #13). This motion has been fully briefed, and for the reasons explained below, will be granted. The Court will also address Plaintiff's pending motion for summary judgment, (Docket #35), motion to proceed, (Docket #39), and motion to compel, (Docket #50).

---

[1] On August 26, 2020, the case was reassigned to this branch of the Court.

1. **LEGAL STANDARDS**

    1.1 **Summary Judgment**

    Federal Rule of Civil Procedure 56 provides that a Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* A court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

    1.2 **Exhaustion of Prisoner Administrative Remedies**

    The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a). To do so, a prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). He must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Id.*; *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). A suit must be dismissed if it was filed before exhaustion was complete, even if exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The exhaustion requirement furthers several purposes, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties

the opportunity to develop the factual record, and reducing the scope of litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense to be proven by a defendant. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

### 1.2.1 Inmate Complaint Review System

The Wisconsin Department of Corrections ("DOC") maintains an inmate complaint review system ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code § DOC 310.04. The ICRS "allow[s] inmates to raise in an orderly fashion issues regarding department policies, rules, living conditions, and employee actions that personally affect the inmate or institution environment, including civil rights claims." *Id.* § DOC 310.01(2)(a). Before commencing a civil action or special proceedings, "inmate[s] shall exhaust all administrative remedies the [DOC] has promulgated by rule." *Id*. § DOC 310.05.

There are two steps an inmate must take to exhaust the available administrative remedies. First, the inmate must file an offender complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* § DOC 310.07(2). The ICE may reject the complaint or return the complaint to the inmate and allow him or her to correct any issue(s) and re-file within ten days. *See id.* § DOC 310.10(5),(6). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority within ten days. *Id.* § DOC 310.10(10).[2] If the complaint is not rejected, the ICE issues a recommendation of either dismissal or affirmance to the reviewing

---

[2]The ICRS defines a "reviewing authority" as "a person who is authorized to review and decide an inmate complaint." Wis. Admin. Code § DOC 310.03(15).

authority. *Id.* § DOC 310.10(9),(12). The reviewing authority ("RA") will affirm or dismiss the complaint, in whole or in part, or return the complaint to the ICE for further investigation. *Id.* § DOC 310.11(2).

Second, if the ICE recommends, and the RA accepts, dismissal of the complaint, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE") within fourteen days. *Id.* §§ DOC 310.09(1), 310.12. The CCE issues a recommendation to the Secretary of the Department of Corrections, who may accept or reject it. *Id.* §§ DOC 310.12(2), 310.13. The inmate exhausts this administrative process when either he or she receives the Secretary's decision. *Id.* § DOC 310.13(2),(3). If the inmate does not receive the Secretary's written decision within ninety days of the date of receipt of the appeal in the CCE's office, the inmate shall consider the administrative remedies to be exhausted. *Id.* § DOC 310.13(4).

## 2. RELEVANT FACTS[3]

Plaintiff was arrested on September 1, 2019 and admitted to the Milwaukee Secure Detention Facility ("MSDF") soon after. While at MSDF, around September 15, 2019, Plaintiff met with Defendant Bonnie Mitchell ("Mitchell") and expressed to her that his kidneys were leaking harmful enzymes into his system. He also told her about his stents, the loop recorder in his heart, his lifevest, and his back. He told her that he was supposed to see a specialist on September 3, 2019 (two days after his arrest) about having surgery on his kidneys. Plaintiff gave Mitchell all the information she

---

[3] Defendants have not provided any facts beyond the timing related to Plaintiff's inmate complaint and lack of appeal. Therefore, the Court will rely on Plaintiff's complaint for facts regarding what led to the filing of his inmate complaint. (Docket #1). However, Plaintiff has failed to respond to Defendants' proposed findings of fact regarding the inmate complaint and lack of appeal, and, therefore, they are undisputed. (Docket #15).

would need to verify his medical history and move forward with treatment. She assured him that she would contact his doctor by the following Thursday.

On September 24, 2019, Plaintiff wrote to Mitchell asking why he had not been scheduled for a follow-up appointment and why his kidney pain was not being addressed. Mitchell wrote back, denying knowledge of his medical issues but noting that she was waiting for his records. He was told that he would be seen on October 1, 2019, but he was not. Plaintiff wrote to Defendants Health Services Unit ("HSU") Managers Sylvia Bergelin and Mary Jo Trunnell about his lack of care. Again, he received no response. He also spoke to and wrote to numerous unnamed nurses about his conditions and lack of medical care.

Plaintiff filed an inmate complaint on September 30, 2019, which was received on October 3, 2019. (Docket #35-1 at 1). The Inmate Complaint Examiner ("ICE") returned the inmate complaint to him on October 11, 2019, for failure to state that he had written to the HSU managers. (*Id.* at 2). The ICE informed Plaintiff that he must provide the missing information and re-file his complaint within 14 days of the return letter to be in compliance with ICE time limits. (*Id.*)

Plaintiff re-filed the inmate complaint related to the claims in this case on October 16, 2019. (Docket #16-1 at 9). The ICE received the inmate complaint on October 25, 2019. (*Id.*) The inmate complaint was given file number MSDF-2019-19040. (*Id.* at 1). The ICE investigated the claim and recommended dismissal on November 6, 2019. (*Id.* at 3). The RA dismissed the inmate complaint on November 22, 2019. (*Id.* at 4). Plaintiff did not appeal the dismissal to the CCE. (Docket #15).

Page 5 of 7
Case 2:19-cv-01583-JPS   Filed 03/12/21   Page 5 of 7   Document 57

## 3. ANALYSIS

Although Plaintiff filed an inmate complaint regarding the claims in this case, that complaint that was dismissed by the ICE and the RA. In order to exhaust his administrative remedies, Plaintiff had to appeal the RA's decision to the CCE within 14 days of the decision. Wis. Admin. Code § 310.12. It is undisputed that Plaintiff did not appeal to the CCE. Thus, Plaintiff failed to exhaust his administrative remedies on the claims in this case. Therefore, the Court will grant Defendants' motion for summary judgment and dismiss this case without prejudice.[4]

## 4. CONCLUSION

For the reasons explained above, Defendants' motion for summary judgment for Plaintiff's failure to exhaust his administrative remedies,[5] (Docket #13), will be granted. Given that the Court is obliged to dismiss this case without prejudice, Plaintiff's pending motion for summary judgment, (Docket #35), motion to proceed, (Docket #39), and motion to compel, (Docket #50), will be denied as moot.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment for failure to exhaust (Docket #13) be and the same is hereby **GRANTED**;

---

[4] Although it seems clear that Plaintiff will not be able to complete the ICRS process for his claims at this late date, dismissals for failure to exhaust are always without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

[5] Although Defendant Bonnie Mitchell raised Plaintiff's failure to exhaust as an affirmative defense, (Docket #41), she has not yet separately moved for summary judgment on those grounds. However, the Court makes the determination that Plaintiff has not exhausted his administrative remedies regarding the claims against Defendant Bonnie Mitchell, for the same reasons as provided herein.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (Docket #35), motion to proceed (Docket #39), and motion to compel (Docket #50) be and the same are hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for Plaintiff's failure to exhaust administrative remedies.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 12th day of March, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge