UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONTRELL L GORDON, SR,

Plaintiff,

v.

Case No. 19-CV-1583-JPS

BONNIE MITCHELL, SYLVIA
BERGELIN, MARY JO TRUNNELL,
and JOHN/JANE DOES,

**ORDER**

Defendants.

1. **INTRODUCTION**

On October 29, 2019, Plaintiff Dontrell L. Gordon, Sr. filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. (Docket #1). On March 12, 2021, the Court granted Defendants' motion for summary judgment and entered judgment in Defendants' favor. (Docket #57, #58). Plaintiff now moves the Court to reconsider its decision. (Docket #59).

2. **LEGAL FRAMEWORK**

Federal Rule of Civil Procedure 59(e) empowers a court to alter or amend a judgment on motion by a party. Fed. R. Civ. P. 59(e). A party may file a motion to alter or amend judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The party seeking relief under this Rule must establish "a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Whether to grant a motion to amend a judgment "is entrusted to the sound judgment of the district court," *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996),

but the movant must first "clearly establish" his right to relief, *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001). A party may file a motion for relief from a judgment or order under certain circumstances that include "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed R. Civ. P. 60(b)(1),(6).

"Appeal, not reconsideration, is the time to deal with the majority of legal errors," and only "manifest errors . . . so obvious that no additional explanation is needed or possible" are proper subjects of a Rule 59 motion. *Burney v. Thorn Ams., Inc.*, 970 F. Supp. 668, 671 (E.D. Wis. 1997). Such error "is not demonstrated by the disappointment of the losing party" but instead by "the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

### 3. BACKGROUND

The Court reproduces only the background necessary for its decision on the present motion. Plaintiff filed an inmate complaint on September 30, 2019, which was received by the prison on October 3, 2019. (Docket #35-1 at 1). The Inmate Complaint Examiner ("ICE") returned the inmate complaint to him on October 11, 2019 for failure to provide necessary information. (*Id.* at 2). The ICE informed Plaintiff that he must provide the missing information and refile his complaint within 14 days as to comply with ICE time limits. (*Id.*)

Plaintiff refiled his inmate complaint on October 16, 2019. (Docket #16-1 at 9). The ICE received the inmate complaint on October 25, 2019. (*Id.*) The ICE investigated the claim and recommended dismissal on November 6, 2019. (*Id.* at 3). The reviewing authority (the "RA") dismissed the inmate complaint on November 22, 2019. (Id. at 4). Plaintiff did not appeal the

dismissal to the Corrections Complaint Examiner (the "CCE"). (Docket #15).

On March 12, 2021, the Court granted summary judgment to Defendants after finding that Plaintiff failed to exhaust his administrative remedies, as required under Wisconsin Administrative Code § 310.12. (Docket #57). Plaintiff now moves the Court to reconsider its earlier order granting summary judgment. (Docket #59).

4. **ANALYSIS**

Plaintiff argues that he should not be held to the exhaustion requirement because Defendants themselves failed to follow prison policy when they untimely responded to Plaintiff's inmate complaint. (*Id.* at 3–4). Specifically, Plaintiff states that the ICE, the CCE, and the RA were required to supply Plaintiff with a decision on his inmate complaint within 15 days of Plaintiff submitting it. (*Id.*) Plaintiff states that he did not receive a response for 29 days. (*Id.*) According to Plaintiff, this untimeliness denied Plaintiff a meaningful way to exhaust his remedies and voided his requirement to do so. (*Id.*)

In some cases, courts "[may] deem[] administrative remedies exhausted when prison officials fail to respond to inmate grievances because those remedies had become 'unavailable.'" *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (citations omitted). But "[e]xactly where the line is between a late response and an unavailable process is unclear." *Jamison v. Franko*, No. 12 C 0242, 2013 WL 5166626, at *3 n.3 (N.D. Ill. Sept. 13, 2013). "[A] reasonable delay does not render the remedy unavailable." *Smith v. Davis*, 218 F. App'x 505, 507 (7th Cir. 2007). Here, the prison's delay was less than two weeks. This is not enough to have rendered Plaintiff's access to the prison's appeal process "unavailable." *See, e.g.*, *Jamison*, 2013 WL

5166626, at *3 n.3 (noting that a two-week delay was "far" too short for the grievance process to be deemed unavailable).

Plaintiff next challenges the "untimely manner" of the Court's decision on Defendants' motion for summary judgment. (Docket #59 at 1). He argues that because it took the Court months to issue a decision, he was denied an opportunity to correct his mistakes. Unfortunately, the reality is that the federal court system is facing a growing mountain of pro se prisoner litigation. This Court is no exception. The time it took the Court to issue a decision on Defendants' motion was not a length so "untimely" as to have prejudiced Plaintiff. Further, even if the Court had granted Defendants' motion earlier, it is not clear that Plaintiff would have been in any better a situation as to cure his case of its defects. The Court will deny Plaintiff's motion for reconsideration.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Docket #59) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of January, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge